UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**KATHY HAGEN**
780 Maple Street
Neenah, Wisconsin 54956

       Plaintiff,

                             Case No.   20-cv-615

vs.

**PITNEY BOWES, INC. EMPLOYEE BENEFITS COMMITTEE**
Pitney Bowes, Inc. Corporate Headquarters
3001 Summer Street
Stamford, Connecticut 06926

       Defendant.

## COMPLAINT

The Plaintiff, Kathy Hagen, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Neenah, Wisconsin. She is a former employee of Pitney Bowes, Inc.

2. Defendant, Pitney Bowes, Inc. Employee Benefits Committee, is the plan administrator of the Pitney Bowes Long Term Disability Plan ("the Plan"), an employee welfare benefit plan that is self-funded by Pitney Bowes, Inc. Pitney Bowes, Inc. is a corporation organized under the laws of the state of Connecticut and licensed to do business in Wisconsin.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff suffers from multiple medical conditions that impair her ability to work in a competitive employment setting.

8. During the course of Plaintiff's employment with Pitney Bowes, Inc., Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

9. After she was unable to work due to her medical conditions, Defendant initially approved Plaintiff's claim for LTDI benefits as of February 13, 2013.

10. Plaintiff was also approved for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") in the amount of $1,331.70 per month.

11. The SSA determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

12. After Plaintiff was awarded SSDI benefits, Defendant offset Plaintiff's LTDI benefit by the amount of her SSDI benefit, resulting in a net LTDI benefit of $127.09 bi-weekly.

13. Defendant then denied Plaintiff's LTDI benefits claim beyond April 27, 2019.

14. Plaintiff timely appealed Defendant's denial of her LTDI benefits claim.

15. As part of her appeal, Plaintiff submitted complete medical documentation in support of her disability and submitted all information requested by Defendant.

16. By letter dated January 7, 2020, Defendant upheld its decision to terminate Plaintiff's LTDI benefits.

17. Defendant failed to meaningfully consider the issues raised in Plaintiff's appeal.

18. Defendant ignored clear medical evidence of Plaintiff's disability.

19. Defendant did not perform a "full and fair review" of Plaintiff's claim.

20. Defendant conducted a selective review of Plaintiff's medical records and failed to adequately explain why it rejected specific evidence in Plaintiff's file.

21. Defendant also failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

22. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

23. At all times material to this case, the Plan has remained in full force and effect.

24. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

25. The preceding paragraphs are reincorporated by reference as though set forth here in full.

26. Plaintiff has been and remains disabled, as that term is defined by the Plan.

27. Defendant wrongfully denied LTDI benefits due to Plaintiff.

28. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms. Alternatively, if the arbitrary and capricious standard of

review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

29. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

30. As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

31. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendant relied on Plaintiff's SSDI award in instances when it benefited Defendant but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

32. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

33. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Kathy Hagen, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.


Dated: April 16, 2020


HAWKS QUINDEL, S.C.


By: */s/ William E. Parsons*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Lynn K. Lodahl, State Bar No. 1087992
Email: llodahl@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Kathy Hagen

00724406

6